IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| L. HARRISON BERNBAUM and DR. KEITH SCHRODER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 1:08cv284 ) ) |
| THE STANDARD FIRE INSURANCE COMPANY, a Connecticut Corporation, | ) ) ) ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant, THE STANDARD FIRE INSURANCE COMPANY ("Standard Fire"), by and through its attorneys, FORAN GLENNON PALANDECH & PONZI PC, and, for its Answer to the Complaint of Plaintiffs, L. HARRISON BERNBAUM and DR. KEITH SCHRODER, states as follows:

### Nature Of The Case

1.  This action is brought to obtain the insurance coverage which Defendant contracted to provide for damage to Plaintiff's Farr 395 sailboat (the "Sailboat").

**ANSWER:** Paragraph 1 of the Complaint contains conclusory statements of law and/or argument characterizing the nature of the controversy and, therefore, no response is required from Standard Fire. To the extent Paragraph 1 can be construed as containing allegations of fact, Standard Fire admits that it issued a Yacht Policy with effective dates of January 1, 2006 to January 1, 2007 and bearing policy number 945707517-840-1 to Hank Bernbaum (the "Policy"), and further refers the Policy, its contents, interpretation and compliance with its terms and conditions to the court for judicial determination.

### The Parties

2.  L. Harrison Bernbaum, an individual, is a resident of Lake Forest, Lake County, Illinois, co-owner of the Sailboat and the policyholder under Policy Number 945707517-840-1 (the

"Policy") issued by Defendant for the period of January 1, 2006 to January 1, 2007. A true and correct copy of the Policy is attached hereto as Exhibit A.

**ANSWER:** Standard Fire admits that it issued the Policy to Hank Bernbaum. Further answering, Standard Fire neither admits nor denies that a true and correct copy of the Policy is attached to Plaintiffs' Complaint as Exhibit A. Standard Fire further refers the Standard Fire Policy attached as Exhibit A, its contents, interpretation and compliance with its terms and conditions to the court for judicial determination as to whether it is "a true and correct copy." Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 2 of the Complaint and neither admits nor denies same.

3. Dr. Keith Schroder, an individual, is a resident of Hoffman Estates, Cook County, Illinois, and co-owner of the Sailboat.

**ANSWER:** Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint and neither admits nor denies same.

4. On information and belief, Defendant is a Connecticut corporation having its principle place of business outside of Illinois.

**ANSWER:** Standard Fire admits the allegations of Paragraph 4 of the Complaint.

### Jurisdiction And Venue

5. Jurisdiction is proper in this Court under 28 USC § 1332 because the matter in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

**ANSWER:** Standard Fire admits that this action is between citizens of different states. Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity concerning the allegation that the amount in controversy exceeds the sum of $75,000 and neither admits nor denies same. Standard Fire affirmatively avers that the proper jurisdictional basis for this matter is admiralty jurisdiction pursuant to 28 USC § 1333(1) because the subject matter of the controversy involves a contract of marine insurance.

2

6. Venue is proper in this Court under 28 USC § 1391(a)(2) because the events giving rise to the claims occurred and the property that is subject to the action is within this Court's judicial district.

**ANSWER:** Standard Fire admits the allegations of Paragraph 6 of the Complaint.

## Background Facts

7. On or about July 23, 2006, while Plaintiff was participating in the annual Chicago to Mackinaw Island sailboat race aboard the Sailboat, heavy weather conditions were encountered.

**ANSWER:** Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint and neither admits nor denies same.

8. Unknown to Plaintiff at the time, the heavy weather conditions caused an internal structural component of the Sailboat located near the bow to fail.

**ANSWER:** Standard Fire denies the allegations of Paragraph 8 of the Complaint.

9. Substantial damage occurred to the Sailboat as a direct and proximate result of this structural component failing.

**ANSWER:** Standard Fire denies the allegations of Paragraph 9 of the Complaint.

10. Much later, Plaintiff discovered that the above damage had occurred. On or about August 8, 2007, and promptly after discovering the damage to the Sailboat, Plaintiff presented Defendant with a complete and proper claim (the "Claim") for insurance benefits under the Policy.

**ANSWER:** Standard Fire admits that on August 2, 2007, Plaintiffs' insurance agent provided notice of a claim for damage to the sailboat ('the claim"). Standard Fire denies all the remaining allegations of Paragraph 10 of the Complaint.

11. From on or about August 2, 2007 until on or about December 10, 2007, Defendant investigated the Claim.

**ANSWER:** Standard Fire admits that it investigated Plaintiffs' claim for damage between August 2, 2007 and December 10, 2007. Standard Fire denies that Plaintiffs' "Claim" was complete or proper.

12. On or about December 10, 2007, Defendant sent Plaintiff a letter (the "Letter," a true and correct copy of which is attached as Exhibit B) denying the Claim for the following alleged reasons:

    a. That the "damages are not attributable to a single fortuitous occurrence but are more indicative of wear and tear," and

    b. That Plaintiff's notice of loss was "untimely." Letter at 2.

**ANSWER:** Standard Fire admits that on December 10, 2007 it denied Plaintiffs' claim by letter. Standard Fire avers that the denial letter speaks for itself. Standard Fire denies any allegations inconsistent therewith and objects to the allegations in Paragraph 12 that purport to characterize the statements made in that letter. Furthermore as provided and more fully explained in the December 10, 2007 letter, Standard Fire properly and justifiably disclaimed any claimed coverage(s) here at issue for multiple reasons and Standard Fire respectfully refers the court to the December 10, 2007 letter for their full content and reasoning. Further answering, Standard Fire admits that a true and correct copy of the denial letter is attached as Exhibit B to Plaintiffs' Complaint.

13. Because the damages to the Sailboat were caused by exposure to heavy weather on or about June 23, 2006, they were in fact the result of a single fortuitous occurrence and are not within the Policy's coverage exclusion for "wear and tear" cited by Defendant.

**ANSWER:** Standard Fire states that Paragraph 13 consists of conclusory statements of law and/or argument and does not require a response from Standard Fire.

14. Alternatively, the structural component of the Sailboat which failed on or about June 23, 2006, failed because of a latent manufacturing defect. Under the Policy, Defendant is obligated to cover any loss or damage resulting from such a latent defect.

**ANSWER:** Standard Fire states that Paragraph 14 consists of conclusory statements of law and/or argument and does not require a response from Standard Fire.

15. Plaintiff's notice of Claim to Defendant was timely because it was provided promptly after the damage to the Sailboat was discovered by Plaintiff.

**ANSWER:** Standard Fire states that Paragraph 15 consists of conclusory statements of law and/or argument and does not require a response from Standard Fire. To the extent Paragraph 15 contains allegations of fact, those allegations are expressly denied.

16. Alternatively, Defendant waived any timeliness objection by accepting the Claim for investigation when it was filed on or about August 2, 2007, more than one year after the date of the loss.

**ANSWER:** Standard Fire states that Paragraph 16 consists of conclusory statements of law and/or argument and does not require a response from Standard Fire. To the extent Paragraph 16 contains allegations of fact, those allegations are expressly denied.

## COUNT I

### Breach Of Contract

17. Plaintiff restates and re-alleges paragraphs 1 through 16 as if fully set forth herein.

**ANSWER:** In response to the allegation set forth in Paragraph 17, Standard Fire restates and incorporates, as if fully set forth herein, its response to each and every allegation contained in Paragraphs 1 through 16.

18. Plaintiff and Defendant entered into a valid and binding contractual agreement consisting of the Policy.

**ANSWER:** Standard Fire states that Paragraph 18 of the Complaint consists of conclusory statements of law and/or argument and does not require a response from Standard Fire. To the extent a response is required, Standard Fire admits that Standard Fire issued the Policy to Hank Bernbaum but denies all remaining allegations of

Paragraph 18 and further refers all other legal conclusions to the court for judicial determination.

19. Plaintiff rendered all performance required of him under the Policy.

**ANSWER:** Standard Fire denies the allegations of Paragraph 19.

20. Defendant materially breached and repudiated the Policy by, among other things, denying coverage of Plaintiff's Claim.

**ANSWER:** Standard Fire admits that it denied Plaintiffs' claim for coverage under the Policy, but Standard Fire denies all of the remaining allegations of Paragraph 20 and specifically denies that it materially breached and repudiated the Policy.

21. As a direct and proximate result of Defendant's breach and repudiation of the Policy, Plaintiff has suffered damages in an amount to be shown at trial but in excess of $75,000.

**ANSWER:** Standard Fire denies the allegations of Paragraph 21 of the Complaint.

WHEREFORE, THE STANDARD FIRE INSURANCE COMPANY demands that judgment be entered in its favor, dismissing Plaintiffs' Complaint with prejudice and granting such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim against Standard Fire upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claim is subject to all the terms, conditions, limitations, exclusions, contained in the subject Standard Fire Policy.

### Third Affirmative Defense

Any claim that Plaintiffs may have under the subject Standard Fire Policy is limited by the existence of other applicable insurance.

**Fourth Affirmative Defense**

To the extent that Plaintiffs have failed to mitigate, minimize or otherwise avoid any losses or damages, any recovery against Standard Fire must be reduced accordingly.

**Fifth Affirmative Defense**

Plaintiffs' claim is barred by the doctrines of waiver, estoppel, ratification and laches.

**Sixth Affirmative Defense**

Plaintiffs' claim is barred to the extent that Plaintiffs have failed to comply with the terms and conditions of the subject Standard Fire Policy, including, but not limited to, the requirement in the Policy to provide notice "of any loss as soon as practicable to either us or our authorized representative."  Plaintiffs did not provide Standard Fire with notice "as soon as practicable," and their claims are barred as a matter of law.

**Seventh Affirmative Defense**

Plaintiffs' claim is barred to the extent that Plaintiffs have failed to comply with the terms and conditions of the subject Standard Fire Policy, including, but not limited to, the requirement to file a lawsuit "within one year after loss or damage occurs."  Because Plaintiffs filed this lawsuit more than one year after the loss or damage occurred, Plaintiffs' claim is barred as a matter of law.

**Eighth Affirmative Defense**

Standard Fire's Policy contains the following exclusions:

    C.    EXCLUSIONS

We do not cover loss or damage resulting from:

1. Wear and tear;

2. Gradual deterioration (including deterioration caused by weathering, insect, or marine life);

*    *    *

    5.      Inherent vice including wet or dry rot, rust or corrosion;

                *                *                *

    7.      The cost of replacing or repairing any item having a latent defect. However, any resulting loss or damage will be covered.

To the extent Plaintiffs' claim involves loss or damage caused by "wear and tear," "gradual deterioration," "inherent vice including wet or dry rot," and "latent defect," there is no coverage afforded under Standard Fire's Policy.

### Ninth Affirmative Defense

Any claim for loss or damage is subject to the Standard Fire Policy deductible of $2,500. In the event any coverage is afforded for Plaintiffs' claim, Standard Fire is entitled to a set-off in the amount of the deductible.

### Tenth Affirmative Defense

The measurement of the quantum of any covered portion of Plaintiffs' claim is subject to the terms, conditions, limitations and exclusions of the "Loss Payment" and "Loss Adjustment-Physical Damage" provisions contained in the subject Standard Fire Policy.

### Eleventh Affirmative Defense

Standard Fire reserves its right to demand appraisal with respect to the quantum of all loss and damage alleged by Plaintiffs.

### Twelfth Affirmative Defense

Standard Fire's investigation of Plaintiffs' claim was performed subject to the contractual reservation of rights set forth in the Standard Fire Policy which provides in pertinent part as follows:

E.  RESERVATION OF RIGHTS

When we investigate, compromise, or pay any claim, it shall not be construed to admit liability either by you or us.

WHEREFORE, THE STANDARD FIRE INSURANCE COMPANY demands a judgment be entered in its favor, dismissing the Complaint with prejudice and granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

FORAN GLENNON PALANDECH
 & PONZI PC

/s/ Matthew S. Ponzi
Matthew S. Ponzi
Thomas B. Orlando
150 South Wacker Drive, Suite 1100
Chicago, IL 60606
312.863.5000
312.863.5099/fax
mponzi@fgpp.com
torlando@fgpp.com

Attorneys for THE STANDARD FIRE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 12th day of February, 2008, to:

Leland W. Hutchinson, Jr.
Gina M. DiBella
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606
312.360.6000
lhutchinson@freebornpeters.com
gdibella@freebornpeters.com

                                                 /s/ Matthew S. Ponzi
                                                 Matthew S. Ponzi
                                                 Thomas B. Orlando
                                                 FORAN GLENNON PALANDECH
                                                  &PONZI PC
                                                 150 South Wacker Drive, Suite 1100
                                                 Chicago, IL 60606
                                                 312.863.5000
                                                 312.863.5099/fax
                                                 mponzi@fgpp.com
                                                 torlando@fgpp.com