# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 284 | **DATE** | February 29, 2008 |
| **CASE TITLE** | *Bernbaum v. Standard Fire Insurance* | | |

**DOCKET ENTRY TEXT:**

The court recently reviewed the answer in this case, which – of course – quoted the complaint. The court had prepared an order on January 18, 2008, addressing problems with the jurisdictional allegations in the complaint. This order does not appear to have been docketed. Accordingly, the court will, at this time, dismiss the complaint due to the plaintiffs's failure to establish diversity jurisdiction properly. The plaintiffs may file an amended complaint, consistent with this order, by no later than March 24, 2008.

■[ For further details see text below.]

## STATEMENT

The plaintiff's complaint invokes diversity of citizenship grounds. *See* 28 U.S.C. § 1332. The court has reviewed the jurisdictional allegations in the complaint pursuant to *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("the first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged").

In order for the court to have diversity jurisdiction over a case, the complaint must allege that (1) the amount in controversy exceeds $75,000, exclusive of costs and interest and (2) the parties are completely diverse. 28 U.S.C. § 1332. There are three problems with the citizenship allegations in the complaint. First, the complaint alleges that the plaintiffs are residents of Illinois. This is insufficient, as citizenship, not residency, is what matters for diversity jurisdiction. *Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996) ("[w]hen the parties allege residence but not citizenship, the court must dismiss the suit").

Second, the plaintiffs have alleged the defendant's citizenship on information and belief. Allegations of citizenship that are made upon information and belief do not satisfy Federal Rule of Civil Procedure 11, which imposes a duty of reasonable pre-complaint inquiry on the plaintiff. *Multi-M Int'l, Inc. v. Paige Med.*

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

*Supply Co.,* 142 F.R.D. 150, 152 (N.D. Ill. 1992), *citing Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir. 1992).

Third, the plaintiffs assert that the defendant is a Connecticut corporation with its principal place of business outside of Illinois. The record must affirmatively establish the citizenship of every party, so a complaint must provide full citizenship information for each party. *See Guaranty National Title Co. v. J.E.G. Associates*, 101 F.3d at 59. This means that an allegation that a party is a citizen of a state other than Illinois is not enough to establish diversity. *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 529 (7th Cir. 2002) ("how can the plaintiffs know that the company's principal place of business is not in Louisiana if they don't know where its principal place of business is? We doubt that the plaintiffs conducted a census of all businesses whose principal place of business is in Louisiana and discovered that [the defendant] is not one of them").

Accordingly, the complaint is dismissed due to the plaintiffs's failure to establish diversity jurisdiction properly. The plaintiffs may file an amended complaint, consistent with this order, by no later than March 24, 2008.