IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| L. HARRISON BERNBAUM and DR. KEITH SCHRODER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 1:08cv284 ) ) |
| THE STANDARD FIRE INSURANCE COMPANY, a Connecticut Corporation, | ) ) ) ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

NOW COMES Defendant, THE STANDARD FIRE INSURANCE COMPANY ("Standard Fire"), by and through its attorneys, FORAN GLENNON PALANDECH & PONZI PC, and, for its Answer and Affirmative Defense to the First Amended Complaint of Plaintiffs, L. HARRISON BERNBAUM and DR. KEITH SCHRODER, states as follows:

### Nature Of The Case

1. This action is brought to obtain the insurance coverage which Defendant contracted to provide for damage to Plaintiffs' Farr 395 sailboat (the "Sailboat").

**ANSWER:** Paragraph 1 of the Amended Complaint contains conclusory statements of law and/or argument characterizing the nature of the controversy and, therefore, no response is required from Standard Fire. To the extent Paragraph 1 can be construed as containing allegations of fact, Standard Fire admits that it issued a Yacht Policy with effective dates of January 1, 2006 to January 1, 2007 and bearing policy number 945707517-840-1 to Hank Bernbaum (the "Policy"), and further refers the Policy, its contents, interpretation and compliance with its terms and conditions to the court for judicial determination.

### The Parties

2. L. Harrison Bernbaum, an individual, is a citizen of Lake Forest, Lake County, Illinois, co-owner of the Sailboat and the policyholder under Policy Number 945707517-840-1 (the

"Policy") issued by Defendant for the period of January 1, 2006 to January 1, 2007. A true and correct copy of the Policy is attached hereto as Exhibit A.

**ANSWER:** Standard Fire admits that it issued the Policy to Hank Bernbaum. Further answering, Standard Fire neither admits nor denies that a true and correct copy of the Policy is attached to Plaintiffs' Amended Complaint as Exhibit A. Standard Fire further refers the Standard Fire Policy attached as Exhibit A, its contents, interpretation and compliance with its terms and conditions to the court for judicial determination as to whether it is "a true and correct copy." Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 2 of the Amended Complaint and neither admits nor denies same.

3. Dr. Keith Schroder, an individual, is a resident of Hoffman Estates, Cook County, Illinois, and co-owner of the Sailboat.

**ANSWER:** Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Amended Complaint and neither admits nor denies same.

.

4. Defendant is a Connecticut corporation having its principle place of business in Connecticut.

**ANSWER:** Standard Fire admits the allegations of Paragraph 4 of the Amended Complaint.

## Jurisdiction And Venue

5. Jurisdiction is proper in this Court under 28 USC § 1332 because the matter in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs and between citizens of different states.

**ANSWER:** Standard Fire admits that this action is between citizens of different states. Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity concerning the allegation that the amount in controversy exceeds the sum of $75,000 and neither admits nor denies same. Standard Fire affirmatively avers that the proper jurisdictional basis for this matter is admiralty jurisdiction pursuant to 28 USC § 1333(1) because the subject matter of the controversy involves a contract of marine insurance.

6. Venue is proper in this Court under 28 USC § 1391(a)(2) because the events giving rise to the claims occurred and the property that is subject to the action is within this Court's judicial district.

**ANSWER:** Standard Fire admits the allegations of Paragraph 6 of the Amended Complaint.

### Background Facts

7. On or about July 23, 2006, while Plaintiffs were participating in the annual Chicago to Mackinaw Island sailboat race aboard the Sailboat, heavy weather conditions were encountered.

**ANSWER:** Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Amended Complaint and neither admits nor denies same.

8. Unknown to Plaintiffs at the time, the heavy weather conditions caused an internal structural component of the Sailboat located near the bow, underneath the waterline, to fail.

**ANSWER:** Standard Fire denies the allegations of Paragraph 8 of the Amended Complaint.

9. Substantial damage occurred to the Sailboat as a direct and proximate result of the failure of this internal structural component.

**ANSWER:** Standard Fire denies the allegations of Paragraph 9 of the Amended Complaint.

10. At the end of the 2006 season, on or about October, 2006, Plaintiffs stored the Sailboat out of the water.

**ANSWER:** Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Amended Complaint and neither admits nor denies same.

11. At the time they stored the Sailboat for the winter, Plaintiffs did not detect the internal structural failure or the associated damage.

**ANSWER:** Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Amended Complaint and neither admits nor denies same.

12. Plaintiffs were unaware of any damage to the Sailboat until on or about April, 2007 when the Sailboat was being prepared to re-enter the water.

**ANSWER:** Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Amended Complaint and neither admits nor denies same.

13. As part of preparing the Sailboat for the 2007 season, Plaintiffs discovered a crack in the outer hull, below the waterline, which had been caused, directly or indirectly, by the failure of the internal structural component.

**ANSWER:** Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Amended Complaint and neither admits nor denies same.

14. After discovering the damage to the hull of the Sailboat, Plaintiffs began investigating the nature and extent of the damage to the Sailboat.

**ANSWER:** Standard Fire is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Amended Complaint and neither admits nor denies same.

15. On or about August 2, 2007, Plaintiffs presented Defendant with a complete and proper claim (the "Claim") for insurance benefits under the Policy.

**ANSWER:** Standard Fire admits that on August 2, 2007, Plaintiffs' insurance agent provided notice of a claim for damage to the sailboat ("the Claim"). Standard Fire denies all the remaining allegations of Paragraph 15 of the Amended Complaint.

16. From on or about August 2, 2007 until on or about December 10, 2007, Defendant investigated the Claim.

**ANSWER:** Standard Fire admits that it investigated Plaintiffs' claim for damage between August 2, 2007 and December 10, 2007. Standard Fire denies that Plaintiffs' "Claim" was complete or proper.

17. On or about December 10, 2007, Defendant sent Plaintiffs a letter (the "Letter," a true and correct copy of which is attached as Exhibit B) denying the Claim for the following alleged reasons:

    a. That the "damages are not attributable to a single fortuitous occurrence but are more indicative of wear and tear," and

    b. That Plaintiff's notice of loss was "untimely." Letter at 2.

**ANSWER:** Standard Fire admits that on December 10, 2007 it denied Plaintiffs' claim by letter. Standard Fire avers that the denial letter speaks for itself. Standard Fire denies any allegations inconsistent therewith and objects to the allegations in Paragraph 17 that purport to characterize the statements made in that letter. Furthermore as provided and more fully explained in the December 10, 2007 letter, Standard Fire properly and justifiably disclaimed any claimed coverage(s) here at issue for multiple reasons and Standard Fire respectfully refers the court to the December 10, 2007 letter for their full content and reasoning. Further answering, Standard Fire admits that a true and correct copy of the denial letter is attached as Exhibit B to Plaintiffs' Amended Complaint.

18. Because the damages to the Sailboat were caused by exposure to heavy weather on or about June 23, 2006, they were in fact the result of a single fortuitous occurrence and are not within the Policy's coverage exclusion for "wear and tear" cited by Defendant.

**ANSWER:** Standard Fire states that Paragraph 18 consists of conclusory statements of law and/or argument and does not require a response from Standard Fire.

19. Alternatively, the structural component of the Sailboat which failed on or about June 23, 2006, failed because of a latent manufacturing defect. Under the Policy, Defendant is obligated to cover any loss or damage resulting from such a latent defect.

**ANSWER:** Standard Fire states that Paragraph 19 consists of conclusory statements of law and/or argument and does not require a response from Standard Fire. To the extent Paragraph 19 contains allegations of fact, those allegations are expressly denied.

20. Plaintiffs' notice of Claim to Defendant was timely because it was provided promptly after the damage to the Sailboat was discovered by Plaintiffs.

**ANSWER:** Standard Fire states that Paragraph 20 consists of conclusory statements of law and/or argument and does not require a response from Standard Fire. To the extent Paragraph 20 contains allegations of fact, those allegations are expressly denied.

21. Alternatively, Defendant waived any timeliness objection by accepting the Claim for investigation when it was filed on or about August 2, 2007, more than one year after the date of the loss.

**ANSWER:** Standard Fire states that Paragraph 21 consists of conclusory statements of law and/or argument and does not require a response from Standard Fire. To the extent Paragraph 21 contains allegations of fact, those allegations are expressly denied.

## COUNT I

### Breach Of Contract

22. Plaintiffs restate and re-allege paragraphs 1 through 21 as if fully set forth herein.

**ANSWER:** In response to the allegation set forth in Paragraph 22, Standard Fire restates and incorporates, as if fully set forth herein, its response to each and every allegation contained in Paragraphs 1 through 21.

23. Plaintiffs and Defendant entered into a valid and binding contractual agreement consisting of the Policy.

**ANSWER:** Standard Fire states that Paragraph 23 of the Amended Complaint consists of conclusory statements of law and/or argument and does not require a response from Standard Fire. To the extent a response is required, Standard Fire admits that Standard Fire issued the Policy to Hank Bernbaum but denies all remaining allegations of Paragraph 23 and further refers all other legal conclusions to the court for judicial determination.

24. Plaintiffs rendered all performance required of them under the Policy.

**ANSWER:** Standard Fire denies the allegations of Paragraph 24 of the Amended Complaint.

25. Defendant materially breached and repudiated the Policy by, among other things, denying coverage of Plaintiffs' Claim.

**ANSWER:** Standard Fire admits that it denied Plaintiffs' claim for coverage under the Policy, but Standard Fire denies all of the remaining allegations of Paragraph 25 and specifically denies that it materially breached and repudiated the Policy.

26. As a direct and proximate result of Defendant's breach and repudiation of the Policy, Plaintiffs have suffered damages in an amount to be shown at trial but in excess of $75,000.

**ANSWER:** Standard Fire denies the allegations of Paragraph 26 of the Amended Complaint.

WHEREFORE, THE STANDARD FIRE INSURANCE COMPANY demands that judgment be entered in its favor, dismissing Plaintiffs' Complaint with prejudice and granting such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim against Standard Fire upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claim is subject to all the terms, conditions, limitations, exclusions, contained in the subject Standard Fire Policy.

### Third Affirmative Defense

Any claim that Plaintiffs may have under the subject Standard Fire Policy is limited by the existence of other applicable insurance.

### Fourth Affirmative Defense

To the extent that Plaintiffs have failed to mitigate, minimize or otherwise avoid any losses or damages, any recovery against Standard Fire must be reduced accordingly.

**Fifth Affirmative Defense**

Plaintiffs' claim is barred by the doctrines of waiver, estoppel, ratification and laches.

**Sixth Affirmative Defense**

Plaintiffs' claim is barred to the extent that Plaintiffs have failed to comply with the terms and conditions of the subject Standard Fire Policy, including, but not limited to, the requirement in the Policy to provide notice "of any loss as soon as practicable to either us or our authorized representative." Plaintiffs did not provide Standard Fire with notice "as soon as practicable," and their claims are barred as a matter of law.

**Seventh Affirmative Defense**

Plaintiffs' claim is barred to the extent that Plaintiffs have failed to comply with the terms and conditions of the subject Standard Fire Policy, including, but not limited to, the requirement to file a lawsuit "within one year after loss or damage occurs." Because Plaintiffs filed this lawsuit more than one year after the loss or damage occurred, Plaintiffs' claim is barred as a matter of law.

**Eighth Affirmative Defense**

Standard Fire's Policy contains the following exclusions:

    C.    EXCLUSIONS

We do not cover loss or damage resulting from:

1. Wear and tear;

2. Gradual deterioration (including deterioration caused by weathering, insect, or marine life);

    *        *        *

5. Inherent vice including wet or dry rot, rust or corrosion;

    *        *        *

8

    7.    The cost of replacing or repairing any item having a latent defect. However, any resulting loss or damage will be covered.

To the extent Plaintiffs' claim involves loss or damage caused by "wear and tear," "gradual deterioration," "inherent vice including wet or dry rot," and "latent defect," there is no coverage afforded under Standard Fire's Policy.

### Ninth Affirmative Defense

Any claim for loss or damage is subject to the Standard Fire Policy deductible of $2,500. In the event any coverage is afforded for Plaintiffs' claim, Standard Fire is entitled to a set-off in the amount of the deductible.

### Tenth Affirmative Defense

The measurement of the quantum of any covered portion of Plaintiffs' claim is subject to the terms, conditions, limitations and exclusions of the "Loss Payment" and "Loss Adjustment-Physical Damage" provisions contained in the subject Standard Fire Policy.

### Eleventh Affirmative Defense

Standard Fire reserves its right to demand appraisal with respect to the quantum of all loss and damage alleged by Plaintiffs.

### Twelfth Affirmative Defense

Standard Fire's investigation of Plaintiffs' claim was performed subject to the contractual reservation of rights set forth in the Standard Fire Policy which provides in pertinent part as follows:

    E.    RESERVATION OF RIGHTS

        When we investigate, compromise, or pay any claim, it shall not be construed to admit liability either by you or us.

WHEREFORE, THE STANDARD FIRE INSURANCE COMPANY demands a judgment be entered in its favor, dismissing the Amended Complaint with prejudice and granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

FORAN GLENNON PALANDECH
 & PONZI PC

/s/ Matthew S. Ponzi
Matthew S. Ponzi
Thomas B. Orlando
150 South Wacker Drive, Suite 1100
Chicago, IL 60606
312.863.5000
312.863.5099/fax
mponzi@fgpp.com
torlando@fgpp.com

Attorneys for THE STANDARD FIRE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 4th day of April, 2008, to:

Leland W. Hutchinson, Jr.
Gina M. DiBella
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606
312.360.6000
lhutchinson@freebornpeters.com
gdibella@freebornpeters.com

                                                /s/ Matthew S. Ponzi
                                                Matthew S. Ponzi
                                                Thomas B. Orlando
                                                FORAN GLENNON PALANDECH
                                                 & PONZI PC
                                                150 South Wacker Drive, Suite 1100
                                                Chicago, IL 60606
                                                312.863.5000
                                                312.863.5099/fax
                                                mponzi@fgpp.com
                                                torlando@fgpp.com