# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

L. HARRISON BERNBAUM and
DR. KEITH SCHRODER,

        Plaintiffs,

        v.

THE STANDARD FIRE INSURANCE
COMPANY, a Connecticut Corporation,

        Defendant.

Case No. 1:08cv284

## FIRST AMENDED COMPLAINT

NOW Come Plaintiffs, L. Harrison Bernbaum and Dr. Keith Schroder (collectively "Plaintiffs"), by their undersigned attorneys, and for their First Amended Complaint against Defendant, The Standard Fire Insurance Company, respectfully state as follows:

### NATURE OF THE CASE

1.    This action is brought to obtain the insurance coverage which Defendant contracted to provide for damage to Plaintiffs' Farr 395 sailboat (the "Sailboat").

### THE PARTIES

2.    L. Harrison Bernbaum, an individual, is a citizen of Lake Forest, Lake County, Illinois, co-owner of the Sailboat and the policyholder under Policy Number 945707517-840-1 (the "Policy") issued by Defendant for the period of January 1, 2006 to January 1, 2007. A true and correct copy of the Policy is attached hereto as Exhibit A.

3.    Dr. Keith Schroder, an individual, is a resident of Hoffman Estates, Cook County, Illinois and co-owner of the Sailboat.

4.    Defendant is a Connecticut corporation having its principle place of business in Connecticut.

### JURISDICTION AND VENUE

5.    Jurisdiction is proper in this Court under 28 USC § 1332 because the matter in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs and between citizens of different states.



EXHIBIT

A

Case 1:08-cv-00284   Document 12   Filed 03/21/2008   Page 2 of 23

6.    Venue is proper in this Court under 28 USC § 1391(a)(2) because the events giving rise to the claims occurred and the property that is subject to the action is within this Court's judicial district.

**BACKGROUND FACTS**

7.    On or about July 23, 2006, while Plaintiffs were participating in the annual Chicago to Mackinaw Island sailboat race aboard the Sailboat, heavy weather conditions were encountered.

8.    Unknown to Plaintiffs at the time, the heavy weather conditions caused an internal structural component of the Sailboat located near the bow, underneath the waterline, to fail.

9.    Substantial damage occurred to the Sailboat as a direct and proximate result of the failure of this internal structural component.

10.    At the end of the 2006 season, on or about October, 2006, Plaintiffs stored the Sailboat out of the water.

11.    At the time they stored the Sailboat for the winter, Plaintiffs did not detect the internal structural failure or the associated damage.

12.    Plaintiffs were unaware of any damage to the Sailboat until on or about April, 2007 when the Sailboat was being prepared to re-enter the water.

13.    As part of preparing the Sailboat for the 2007 season, Plaintiffs discovered a crack in the outer hull, below the waterline, which had been caused, directly or indirectly, by the failure of the internal structural component.

14.    After discovering the damage to the hull of the Sailboat, Plaintiffs began investigating the nature and extent of the damage to the Sailboat.

15.    On or about August 2, 2007, Plaintiffs presented Defendant with a complete and proper claim (the "Claim") for insurance benefits under the Policy.

16.    From on or about August 2, 2007 until on or about December 10, 2007, Defendant investigated the Claim.

17.    On or about December 10, 2007, Defendant sent Plaintiffs a letter (the "Letter," a true and correct copy of which is attached as Exhibit B) denying the Claim for the following alleged reasons:

       a.    That the "damages are not attributable to a single fortuitous occurrence but are more indicative of wear and tear," and

b.   That Plaintiff's notice of loss was "untimely." Letter at 2.

18.   Because the damages to the Sailboat were caused by exposure to heavy weather on or about July 23, 2006, they were in fact the result of a single fortuitous occurrence and are not within the Policy's coverage exclusion for "wear and tear" cited by Defendant.

19.   Alternatively, the structural component of the Sailboat which failed on or about July 23, 2006, failed because of a latent manufacturing defect.  Under the Policy, Defendant is obligated to cover any loss or damage resulting from such a latent defect.

20.   Plaintiffs' notice of Claim to Defendant was timely because it was provided promptly after the damage to the Sailboat was discovered by Plaintiffs.

21.   Alternatively, Defendant waived any timeliness objection by accepting the Claim for investigation when it was filed on or about August 2, 2007, more than one year after the date of the loss.

**COUNT I**

**BREACH OF CONTRACT**

22.   Plaintiffs restate and re-allege paragraphs 1 through 21 as if fully set forth herein.

23.   Plaintiffs and Defendant entered into a valid and binding contractual agreement consisting of the Policy.

24.   Plaintiffs rendered all performance required of them under the Policy.

25.   Defendant materially breached and repudiated the Policy by, among other things, denying coverage of Plaintiffs' Claim.

26.   As a direct and proximate result of Defendant's breach and repudiation of the Policy, Plaintiffs have suffered damages in an amount to be shown at trial but in excess of $75,000.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in their favor and against Defendant Standard Fire Insurance Company as follows:

a.   For damages for breach of contract in an amount to be shown at trial;

b.   For such other relief as the Courts may deem just and proper.

Plaintiffs demand trial by jury as to all issues that may be so tried.

Dated: March 21, 2008                     Respectfully submitted,

                                          **L. HARRISON BERNBAUM,**
                                          **DR. KEITH SCHRODER,** Plaintiffs


                                          By:___s/ Leland W. Hutchinson____
                                                One of Their Attorneys


Leland W. Hutchinson, Jr. (1294873)
Gina M. DiBella (6282745)
**FREEBORN & PETERS LLP**
311 S. Wacker Dr., Suite 3000
Chicago, Illinois  60606
(312) 360-6000

1512671v1

# EXHIBIT A



# YOUR TRAVELERS YACHT POLICY

## from Travelers

44101 (01-07)

TOC44101

# YOUR TRAVELERS YACHT POLICY
## QUICK REFERENCE

**DECLARATIONS PAGE**

**Your Name and Address**
**Policy Period**
**Your Insured Property**
**Coverages, Amounts of Insurance and Deductibles**
**Endorsements**
**Credits**
**Policy Premium**
**Navigation Territory**
**Layup Information**
**Loss Payee**

Begins
On Page

**DEFINITIONS**_____ 1

---

**SECTION ONE:**        **General Policy Conditions and Limitations**

Insuring Agreement _____ 2
Limits of Liability _____ 2
Policy Period _____ 2
Changes in Policy_____ 2
Private Pleasure Use Warranty _____ 2
Transfer of Interest_____ 2
Canceling This Policy_____ 2
Return Premiums_____ 2
Renewal of Coverage_____ 2
Conformity to State Law _____ 3
Broadening Coverage _____ 3
Other Insurance_____ 3
Navigation Warranty_____ 3
Suit Against Us _____ 3
No Benefit to Others _____ 3

---

**SECTION TWO:**        **General Policy Exclusions**

Concealment, Misrepresentation or Fraud_____ 3
Dishonest or Illegal Acts_____ 3
Intentional Act _____ 3
War, Confiscation, Nuclear or Radiation _____ 3
Racing _____ 4

---

**SECTION THREE:**        **Physical Damage Coverage**

Loss Payment_____ 4
Physical Damage Coverage _____ 4
Exclusions_____ 5
Unrepaired Damage_____ 5
Deductible Amount_____ 5
Protection and Recovery Expenses _____ 5
Equipment on Shore_____ 5

**Continued on Reverse Side**

TOC44101B

# YOUR TRAVELERS YACHT POLICY
## QUICK REFERENCE

**Begins
On Page**

| | | |
|---|---|---|
| **SECTION FOUR:** | **Personal Property Coverage** | 6 |
| **SECTION FIVE:** | **Commercial Towing and Assistance Coverage** | 6 |
| **SECTION SIX:** | **Protection & Indemnity Coverage** | 6 |
| **SECTION SEVEN:** | **Medical Payments Coverage** | 7 |
| **SECTION EIGHT:** | **Uninsured Boat Coverage** | 8 |
| **SECTION NINE:** | **Coverage for Non-Owned and Newly Acquired Yachts** | 8 |

**SECTION TEN:**     **Your Duties After a Loss**

| | |
|---|---|
| Notice of Loss | 8 |
| Assistance in Loss Settlement | 9 |
| Contractual Liability | 9 |
| Claim Against Others | 9 |
| Examination Under Oath | 9 |
| Proof of Loss - Physical Damage | 9 |
| Protection of Property - Physical Damage | 9 |
| Support of Claim | 9 |

**SECTION ELEVEN:**     **Loss Settlement Conditions**

| | |
|---|---|
| Loss Adjustment - Physical Damage | 9 |
| Destruction Ordered by Authorities | 9 |
| Appraisal - Physical Damage | 10 |
| Loss Payee | 10 |
| Reservation of Rights | 10 |
| Abandonment of Property | 10 |
| Salvage | 10 |

# TRAVELERS YACHT POLICY

## DEFINITIONS

Throughout this **policy**, **"you"** and **"your"** refer to the named **insured** shown in the declarations, and as defined in the definition of **"Insured"**. **"We"**, **"us"**, and **"our"** refer to the Company providing this insurance. Certain words which require explanation are defined either in the part of the **policy** they are used or below if used throughout the **policy**.

**"Accidental Fuel Spill"** means the unintentional discharge, spillage or leakage of petroleum based fuel, oil or lubricants which are required for the normal operation and use of **your yacht**.

**"Agreed Value"** means the value of the covered property as shown on the declarations - without deduction for any depreciation.

**"Bodily Injury"** means bodily harm, sickness, or disease, including required care, loss of services and death that results.

**"Constructive Total Loss"** means that the reasonable expense of recovering and repairing the **Yacht** and equipment equals or exceeds the amount of insurance shown in the declarations.

**"Dinghy"** means any boat, 16 feet or under and 25 horsepower or less unless otherwise scheduled, used in conjunction with the **your yacht** for the primary purpose of transporting from **your yacht's** mooring to the shore.

**"Direct Physical Loss"** means the actual damage to **your** covered property resulting directly from a covered peril.

**"Fishing Equipment"** means rods, reels, lures and rigs, lines, tackle boxes, electronic gear used in locating and catching fish and similar equipment.

**"Insured"** refers to (1) **you**; (2) **your** spouse and/or relatives who reside in **your** household (resident relative); and 3) any person or legal entity while operating **your yacht** with an **insured's** permission and without a charge or fee. **"INSURED"** DOES NOT INCLUDE: (A) A PAID CAPTAIN OR CREW MEMBER; OR (B) ANY PERSON OR ORGANIZATION OPERATING, EMPLOYED BY, OR THE AGENT OF A MARINA, BOAT REPAIR YARD, YACHT CLUB, SALES AGENCY, BOAT SERVICE STATION, OR OTHER SIMILAR ORGANIZATION.

**"Latent Defect"** means a hidden flaw in the material existing at the time of the original building of the **yacht** which is not discoverable by **you**, by ordinary observation or methods of testing.

**"Lay-up"** means taking **your yacht** out of active service. During the **lay-up** period shown in the declarations, **your yacht** cannot be used for any boating activities or as living quarters by **you** or any **insured**. **Lay-up** can include either storage on land or afloat.

**"Navigational Territory"** means the navigation area shown in the declarations.

**"Occurrence"** means a loss or accident, including continuous or repeated exposure to substantially the same general harmful conditions during the **policy** period, which results in **bodily injury** or **property damage**.

**"Policy"** means **your** Travelers **Yacht** Policy, including the application, declarations, applicable forms and any endorsements.

**"Property Damage"** means the actual physical damage to or destruction of tangible property. It includes loss of use of such property.

**"Punitive Damages"** means damages that are awarded to punish or deter wrongful conduct to set an example, to fine, penalize or impose a statutory penalty, or any similar exemplary damages that are awarded for other than compensatory damages.

**"Uninsured Boat"** means a watercraft that does not have a bodily injury **policy** in force or, if the **policy** is in force, the insurer denies coverage or becomes insolvent. It also refers to a hit-and-run watercraft whose operator or owner cannot be identified and hits **you** or any **insured** or a watercraft which **you** or any insured are occupying. An uninsured boat does not include a watercraft:

1. owned by, furnished, or available for the regular use of **you** or a resident **relative**;

2.  owned by any governmental unit or agency.

**"Yacht"** means the yacht described in the declarations, including its hull, propulsion machinery, spars, sails, fittings, furniture and permanently installed equipment on board **your yacht.**

---

## SECTION ONE: GENERAL POLICY CONDITIONS AND LIMITATIONS

### A.  INSURING AGREEMENT

This marine insurance **policy** is a legal contract between **you** and **us.**

**We** agree to provide the insurance coverage described in this **policy** in return for **your** payment of the premium when due and compliance by **you** and any **insured** with all terms and conditions of this **policy.**

### B.  LIMITS OF LIABILITY

Unless otherwise stated in this **policy** or any endorsements, the limits of liability shown in the declarations are the most **we** will pay for all damages or claims resulting from any one **occurrence.**

### C.  POLICY PERIOD

This **policy** applies only to a covered loss which occurs during the **policy** period as shown in the declarations.

### D.  CHANGES IN POLICY

This **policy** contains all of the agreements between **you** and **us.** The terms may not be changed or waived except by endorsement issued by **us.**

### E.  PRIVATE PLEASURE USE WARRANTY

Coverage under this **policy** applies only if **your yacht** is used for private pleasure purposes, including recreational boating and leisure time activities. Coverage will not apply if **your yacht** is used for charter, hire, to carry persons or property for a fee or for any other commercial or business use unless prior written consent has been obtained from **us.** Business entertainment for which there is no direct remuneration will be considered as being private pleasure use.

### F.  TRANSFER OF INTEREST

All coverage provided by **us** will terminate upon the sale, assignment, pledge or transfer of **your** ownership or insurable interest in the covered property unless prior written consent has been obtained from **us.** However, if **you** should die during the policy period, **we** will automatically cover **your** legal representative as the Named **Insured** with respect to his or her interest in **your** covered property.

### G.  CANCELING THIS POLICY

**Your** cancellation - **You** may cancel this **policy** at any time by returning it to **us** or **our** authorized representative stating the future date **you** want it to be canceled.

Nonpayment of premium - **We** may cancel this **policy** by giving **you** 10 days written notice if **you** fail to pay the premium by the due date.

**Our** cancellation - If **you** have paid the premium when due and **we** decide to cancel this **policy, we** will give to **you** at least 30 days written notice of **our** decision to cancel this policy.

Evidence of mailing of **our** cancellation notice to **you** at the address shown in the declarations shall be sufficient proof that **you** have been notified.

Total Loss or **Constructive Total Loss** - In the event of a Total Loss or **Constructive Total Loss,** this **policy** will terminate immediately thereafter.

### H.  RETURN PREMIUMS

If this **policy** is canceled, **you** may be entitled to a premium refund. If **you** cancel the **policy** for any reason except **your** interest in the **yacht** being sold, any return premium will be computed on a short rate basis. If **we** cancel the **policy** or if **your** interest in the **yacht** is sold, any return premium will be computed on a pro-rata basis. Any return premium will be paid to **you** as soon as possible after the cancellation. In the event of a Total Loss or **Constructive Total Loss,** premium will be considered fully earned and no refund will be made.

### I.  RENEWAL OF COVERAGE

Renewal - **We** may offer to continue this **policy** by providing **you** a renewal declarations along with a bill for the premium. Any changes in **policy** provisions or amounts of coverage will be shown in the renewal declarations.

Nonrenewal - If **we** decide not to renew this **policy, we** will give to **you** at least 30 days notice of **our** decision not to renew. Evidence of mailing of **our** nonrenewal notice to **you** at the address shown in the declarations shall be sufficient proof that **you** have been notified.

---

## J. CONFORMITY TO STATE LAW

When a **policy** provision conflicts with the law of the state in which this **policy** is issued, the minimum requirements of the state will automatically apply.

## K. BROADENING COVERAGE

If **we** adopt any change during the term of this **policy** applicable to all policyholders which broadens coverage without additional premium, the broader coverage will automatically apply to **your policy.**

## L. OTHER INSURANCE

Physical Damage - If at the time of loss, there is any other applicable insurance, **we** will pay only that proportion of the loss that the amount recoverable under this **policy** bears to the total amount recoverable under all applicable insurance.

Protection & Indemnity, Medical Payments and Uninsured Boater - Any insurance provided by this **policy** will be deemed excess over any other valid and collectible insurance.

Overland Transportation - Any insurance provided by this **policy** will be deemed excess over any other valid and collectible insurance.

## M. NAVIGATION AND LAY-UP WARRANTY

This **policy** applies only to losses that occur within the **Navigational Territory** and are in keeping with the **Lay-up** period, if any, shown in the Declarations.

Events Beyond **Your** Control - If the navigational territory or lay-up period shown in the declarations is breached due to events beyond **your** control, coverage for **your yacht** will continue provided **you** give **us** written notice of the breach within 10 days after **you** learn of the breach and pay any additional premiums due **us** for this extension of coverage.

Events Within **Your** Control - Coverage will not apply if there is any breach of **navigational territory** or lay-up period within **your** control, unless **you** have informed **us** directly or through **our** authorized representative and we agree to any extension of coverage. **You** must pay any additional premium due to **us** for this extension.

## N. SUIT AGAINST US

No action will be brought against **us** unless there has been full compliance with all **policy** provisions; and such action is started within one year after loss or damage occurs.

## O. NO BENEFIT TO OTHERS

No person or organization which has custody of **your** covered property and is to be paid for services will benefit from this insurance.

---

## SECTION TWO: GENERAL POLICY EXCLUSIONS

**The following exclusions apply to <u>all coverages</u> provided under this policy:**

## WE DO NOT COVER ANY LOSS OR DAMAGE CAUSED BY:

## A. CONCEALMENT, MISREPRESENTATION OR FRAUD

The coverage provided by this **policy** depends on the statements **you** made in **your** application. If **you** or any **insured** intentionally conceals or misrepresents any material fact or circumstance, whether before or after a loss, this **policy** is <u>VOID</u> and **you** will no longer be protected by it.

## B. DISHONEST OR ILLEGAL ACTS

We do not cover any loss, injury, damage or expenses caused by the dishonest or illegal act of any covered person, regardless of whether or not such person is convicted of such act by a criminal court.

## C. INTENTIONAL ACT

We do not cover any loss, damage, injury, or loss of life which is intentionally caused by any covered person, regardless of whether or not such person is convicted of such act by a criminal court.

## D. WAR, CONFISCATION OR NUCLEAR

We do not cover any loss, damage, injury or loss of life which is intentionally caused by:

1. War, including undeclared war, civil war, insurrection, rebellion, revolution, war-like act by military force or military personnel, destruction or seizure for a military purpose, or any consequences of these actions.

2. The lawful or unlawful capture, seizure, confiscation, requisition or detainment of **your yacht** by a civil or military authority, or an attempt by any of these.

3. The hazardous properties, including radioactive, toxic or explosive properties of nuclear material, whether it is source material or by-product material as defined in the Atomic Energy Act of 1954 or in any law amendatory thereof - no matter how it is caused.

### E. RACING

**We** do not cover any loss that occurs or damages that result while **your yacht** is being operated in any capacity in an official race or speed test. However, this exclusion does not apply to sailboats or predicted log events.

---

## SECTION THREE: PHYSICAL DAMAGE COVERAGE FOR YOUR YACHT AND EQUIPMENT

This is an **"agreed-value"** policy for **yachts**.

### A. LOSS PAYMENT

In the event of a covered loss, we will pay as follows:

1. **Total loss.** If the **yacht** is totally destroyed, lost or determined by us to be **total constructive loss, we** will pay the amount of coverage without deduction for depreciation. A **yacht** is considered lost when it is not found within 30 days of the date it is reported as missing.

2. **Partial loss.** Unless otherwise stated in this **policy,** we will pay the reasonable cost of repair or replacement of damaged or stolen property, without deducting any amount for depreciation, up to the amount of coverage.

3. **Property subject to depreciation. We** will only pay the actual cash value at the time of loss or damage to the following property:

   (a) sails (including spinnakers);

   (b) protective covers consisting of fabric, plastic, canvas or similar materials;

   (c) carpeting, upholstery, cushions or fabric;

   (d) outboard motors;

   (e) outdrive units;

   (f) machinery (including inboard engines and equipment) over 10 years old;

   (g) batteries;

   (h) trailers;

   (i) personal property; and

   (j) dinghies.

   Actual cash value shall be determined by the replacement cost of the covered property at the time of loss, less deduction for any depreciation. All total or partial covered losses of items listed in Section Three A.3 will be settled in this manner.

4. **Pairs, Sets or Parts.** In case of loss or damage to a pair or set, we may repair or replace any item to restore the pair or set to its value just before the loss; or pay the difference between the actual cash value of the pair or set before and after the loss. In case of loss to any part of covered property consisting of several parts when complete, we will pay only for the value of the part lost or damaged.

5. **Repairs.** If **your yacht** needs repair after a covered loss, we will pay the reasonable costs in accordance with:

   (a) the manufacturer's specifications; or

   (b) generally accepted repair practices.

### B. PHYSICAL DAMAGE COVERAGES

**We** cover the following property against accidental **direct physical loss** or damage except as specifically excluded:

1. **Your yacht** scheduled in the declarations.

2. **Your** outboard motors scheduled in the declarations, including:

   a.  portable fuel tank and fuel lines;

   b.  electric starting equipment (including batteries); and

   c.  controls supplied by the manufacturer as part of the outboard motor.

3. **Your** auxiliary equipment consisting of boating equipment not permanently installed, but normally required and used to operate and maintain **your yacht**. However, Auxiliary Equipment does not include:

   a.  Outboard motors, trolling or auxiliary motors which are the primary mechanical source. These must be scheduled separately in the declarations;

   b.  personal watercraft, hydrocycles, jet skis, or similar types of vessels;

   c.  moorings, cradles, boat lifts, or similar apparatus used for the mooring or storage of **your yacht**;

   d.  **Fishing Equipment** and scuba gear; and

   e.  personal property.

4. **Your** trailer scheduled in the declarations provided it is used solely for the purpose of transporting **your yacht**.

5. **Your** dinghy as defined in this **policy**.

## C. EXCLUSIONS

**We do not cover loss or damage resulting from:**

1. Wear and tear;

2. Gradual deterioration (including deterioration caused by weathering, insect, or marine life);

3. Damage caused by insects, animal, vermin and marine life;

4. Marring, scratching, weathering, fading or denting;

5. Inherent vice including wet or dry rot, rust or corrosion;

6. Osmosis, blistering, delamination or electrolysis;

7. The cost of replacing or repairing any item having a **latent defect**. However, any resulting loss or damage will be covered.

8. Loss or damage caused by or resulting from the **insured's** failure to properly winterize the **yacht**; or

9. Theft or unexplained disappearance of equipment or accessories unless: (a) **your yacht** is stolen at the same time; or (b) there is evidence that the property was forcibly removed or stolen.

## D. UNREPAIRED DAMAGE

We do not cover any previously unrepaired damage which occurred either prior to the **policy** effective date shown in the declarations, or where **you** or any **insured** has previously received payment.

## E. DEDUCTIBLE AMOUNT

We will adjust each claim for a covered loss to **your** insured property separately. The amount of each adjusted claim will be automatically reduced by the deductible amount shown on the declarations. We will treat any two or more covered losses resulting from the same **occurrence** as one claim.

The deductible amount will not apply in the case of a total loss or **constructive total loss** to **your yacht**. In the case of total losses on all other property besides Yacht & Equipment; the highest deductible amount will apply. We will treat any two or more covered losses resulting from the same **occurrence** as one claim.

## F. PROTECTION AND RECOVERY EXPENSES

We will pay the reasonable costs **you** incur to protect or recover **your yacht** from further loss or damage following a loss. This coverage is in addition to those coverages included in Section Three of this **policy**. The most **we** will pay for these expenses is the amount of insurance equal to the **Yacht & Equipment** limit as shown in the Declarations. The deductible amount does not apply to this coverage.

## G. EQUIPMENT ON SHORE

We will cover **your** auxiliary equipment when it is temporarily removed from **your yacht** for storage on shore. However, the amount of insurance on the **yacht** will be automatically reduced by the total value of this equipment while it is stored away from **your yacht**.

## SECTION FOUR: PERSONAL PROPERTY COVERAGE

We cover Personal Property as scheduled in the declarations which is owned by **you, your** guests, or unpaid crew members while it is aboard **your yacht,** or while being loaded or unloaded. We will not pay more than the actual cash value of this property at the time of loss. Actual cash value shall be determined by the replacement cost of the covered property at the time of loss, less deduction for any depreciation.

### EXCLUSIONS

We do not cover **Fishing Equipment,** money, jewelry, furs, traveler's checks, coins or currency, motor vehicles, boating equipment, computer equipment (hardware or software) unless used exclusively aboard and for the service of the insured **yacht,** fine arts, paintings, antiques or any property which is separately described and specifically insured in whole or in part, by this or any other insurance.

**In addition, we do not cover:**

1. Wear, tear, gradual deterioration, corrosion or damage caused by animals, vermin, insects or marine life;

2. Changes in temperature or humidity;

3. Any mechanical or electrical failure or disturbance - unless it was caused by lightning; or

4. Mysterious disappearance or unexplained loss of any kind.

## SECTION FIVE: COMMERCIAL TOWING AND ASSISTANCE COVERAGE

We will reimburse **you** for the reasonable costs **you** incur resulting from the following services to **your yacht** if help is not available and **you** must pay to obtain commercial assistance:

1. towing to the nearest place where necessary repairs can be made;

2. delivery of gas, oil, parts or loaned battery (excluding the cost of these items themselves) or emergency labor while away from safe harbor; or

3. trailer roadside service including towing to the nearest place where necessary repairs can be made.

## SECTION SIX: PROTECTION & INDEMNITY COVERAGE

A. We will pay damages for bodily injury or **property damage** for which an **insured** is legally responsible because of owning, maintaining or using **your yacht.**

B. We will cover liability for which an insured is legally responsible under the United States Longshoremen's and Harbor Worker's Compensation Act, Federal Jones Act, Death on High Seas Act or General Maritime Law.

Unless otherwise endorsed on this policy, the most we will pay is $25,000 for any one occurrence for which the **insured** is legally responsible for the loss of life or bodily injury to any paid captain or crewmember while acting in their official capacity as the paid captain or crewmember aboard **your yacht.** This limitation does not apply to crew employed for less than 15 days total during the policy term. This coverage is included in the limit of liability for Protection & Indemnity as shown in the declarations, and does not increase the total limit of liability for any one **occurrence** covered by this **policy.**

C. If **you** are legally obligated to remove or otherwise dispose of the wreck of **your yacht,** we will pay the reasonable cost of removal or the amount for which **you** are held liable for failure to dispose of the wreck.

D. We will pay the reasonable cost for the proper containment, clean up and resulting damage caused by an **accidental fuel spill** that comes from **your yacht** for which **you** are legally responsible provided **you:**

1. immediately notify the United States Coast Guard, or other appropriate state, local or federal authority of the fuel spill as required by law;

2. take appropriate action as soon as possible including making any necessary temporary repairs to fix the cause of the spill and prevent further spillage; and

3. provide all reasonable cooperation and assistance requested by a responsible official in connection with the containment or clean up of the fuel spill.

The most **we** will pay for any loss, damage or expense caused by an **accidental fuel spill** that is covered by this **policy** is the limit of liability for Protection & Indemnity as shown in the Declarations Page or $800,000, whichever is less. This coverage is included as part of the Protection & Indemnity coverage, but does not increase **our** limit of liability for any **occurrence** covered by this **policy**.

This coverage does not apply to any liability caused by or resulting from any intentional act or willful misconduct of any **insured**; any claim for punitive damages, or any fines, penalties or cost of defense arising out of a criminal or civil violation of law or assessment by a governmental authority; or any liability which has been assumed by an insured under any contract or agreement whether oral or written.

**E.** **We** will pay only up to the applicable limit of liability for any one **occurrence**.

**F.** **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for damages covered under this section. **Our** duty to settle or defend

ends when the applicable limit of liability for this coverage has been exhausted.

**G. EXCLUSIONS**

**We do not provide coverage for:**

1. Liability which has been assumed by **you** or any **insured** under any contract or agreement;

2. Liability to **your** spouse or any **insured**;

3. Damage to property of others or **bodily injury** liability arising out of the transportation of your yacht on land; however, **we** will cover physical damage to **your yacht** if damaged as a result of being transported overland - subject to the **Other Insurance** clause contained in this **policy**;

4. Any damage to reefs, natural barriers, beaches, marshlands or soft sand areas;

5. Any **bodily injury** or **property damage** arising out of the operation or use of any jet ski, hydrocycle, or similar type personal watercraft;

6. Any **bodily injury**, loss of life or **property damage** caused by any person while parasailing, kiteskiing or similar activity;

7. Any claim for punitive damages;

8. Any fines, penalties or costs of defense arising out of a criminal or civil violation of law or assessment by a governmental authority; or

9. Injuries for which benefits are required to be provided or are available under any state or federal compensation law or act.

---

## SECTION SEVEN: MEDICAL PAYMENTS COVERAGE

---

We will pay for reasonable medical, ambulance, hospital, professional nursing and funeral costs which become necessary due to accidental **bodily injury** to any person. This coverage is provided only for persons injured while in, upon, boarding, or leaving **your yacht**. We will pay for only those costs incurred within one year of the date of accident.

**Our** payment will be reduced by any amounts paid or recoverable from the injured person's health plan or

medical insurance. **Our** payment will also be reduced by any amounts that **we** pay to, or on behalf of the injured person under any other section of this **policy**.

Payment under this coverage is not an admission of liability by **you** or **us**.

**We** will pay only up to the applicable limit of liability for each person.

**EXCLUSIONS**

**We do not provide Medical Payments coverage for:**

1. Responsibility assumed by you or any **insured** under any contract or agreement;

2. Anyone who is injured while the **yacht** is being transported overland;

3. Injury to a trespasser on **your yacht**;

4. An **insured's** employees or a paid captain or crew; or

5. Injuries for which benefits are required to be provided or are available under any state or federal compensation law or act.

---

## SECTION EIGHT: UNINSURED BOAT COVERAGE

We will pay damage which **you** or any **insured** are legally entitled to recover from the owner or operator of an **uninsured boat** because of **bodily injury** caused by a collision/allision with the uninsured boat. The owner's or operator's liability for these damages must arise out of the ownership, maintenance, or use of the uninsured boat. "Allision" means the striking of a fixed object such as a dock, pier, buoy or a vessel at anchor by a moving vessel.

**EXCLUSIONS**

**We do not provide uninsured boat coverage:**

1. For any person struck by a **yacht** owned by **you** or any **insured**;

2. If any person or legal representative settles the **bodily injury** claim without **our** consent; or

3. To benefit any insurer or self-insurer under any workers' or workmen's compensation, disability benefits or similar law.

---

## SECTION NINE: COVERAGE FOR NON-OWNED AND NEWLY ACQUIRED YACHTS

The coverage we provide for **your yacht** and motor applies to:

1. **your** legal liability as an individual for **yachts** and motors used with the owner's permission which are not owned, furnished, hired or chartered, or available for the regular use by **you** or any **insured** under this **policy**.

2. a newly acquired **yacht** and/or motor provided it does not exceed 50 MPH, it is reported to **us**

within 15 days of acquisition and is eligible for Traveler's marine programs. The physical damage coverage shall not exceed the purchase price of the newly acquired **yacht**. This coverage does not apply to jet skis, hydrocycles, or similar type personal watercraft.

The coverage provided under this section of the **policy** shall be deemed to be excess insurance over any other valid and collectible insurance.

---

## SECTION TEN: YOUR DUTIES AFTER A LOSS

**A. NOTICE OF LOSS**

1. **You** must give notice of any loss as soon as practicable to either **us** or **our** authorized representative. If the loss is by theft or vandalism, **you** must also notify the Coast Guard or other police authority having jurisdiction.

2. **We** must be told: (a) the name of the **insured**; (b) **your** policy number; (c) all details of the loss including where and how the event occurred; and (d) the name and address of any witness.

3. On losses involving Protection & Indemnity, **Uninsured Boats** or Medical Payments, **you** must: (a) tell **us** the names and addresses of all

claimants and witnesses; and (b) promptly send **us** all notices or legal papers relating to the loss.

## B. ASSISTANCE IN LOSS SETTLEMENT - PROTECTION & INDEMNITY OR MEDICAL PAYMENTS COVERAGE

1. **You** must help **us**: (a) settle all claims; (b) enforce **our** right when others may be liable; and (c) furnish medical reports and submit to physical examinations.

2. At **our** request, **you** must: (a) attend hearings and trials; (b) secure and give evidence; and (c) make every effort to obtain attendance of witnesses.

We will reimburse you up to $100 a day for loss of earnings because of attendance at hearings or trials at **our** request.

## C. CONTRACTUAL LIABILITY

Without **our** written consent, **we** will not provide coverage if you: (a) assume any liability; (b) incur any expense for which **we** may not be liable; or (c) impair **our** right to recover claims against others.

## D. CLAIMS AGAINST OTHERS

If **we** believe a claim maybe recovered from others, **we** may pay **you** and assume **your** rights to such recoveries.

1. **You** agree: (a) not to waive, after loss, any rights **you** may have against others; and to assist **us** in all ways possible to recover amounts paid under this **policy**.

2. **We** may: (a) at **our** own expense, take over **your** rights to the extent of **our** payment; and (b) retain or collect all premiums paid or due.

## E. EXAMINATION UNDER OATH

**You** must: (1) submit to questioning under oath as often as **we** may reasonably require; and (2) assist **us** in securing testimony from others.

## F. PROOF OF LOSS - PHYSICAL DAMAGE

**You** must send **us**, within 60 days after **we** ask, a statement sworn to the best of **your** knowledge and belief, listing:

1. the time and cause of loss;

2. the interest of anyone in the property;

3. all liens and mortgages on the property;

4. other insurance that may cover the loss;

5. title changes;

6. detailed estimates of the value of the property and for the repair of damage; and

7. evidence of the amount of loss, including affidavits.

## G. PROTECTION OF PROPERTY-PHYSICAL DAMAGE

If a loss occurs, **you** must take all lawful, reasonable steps, including making any necessary temporary repairs to protect the property from further damage. **We** will share the reasonable expenses incurred in proportion to **our** interests.

## H. SUPPORT OF CLAIM

**You** must support any claim by: (1) **ALLOWING US TO INSPECT THE DAMAGED PROPERTY BEFORE IT IS DISPOSED OF OR REPAIRED;** (2) producing records to verify the claim and its amount; and (3) permitting copies of records to be made.

---

## SECTION ELEVEN: LOSS SETTLEMENT CONDITIONS

### A. LOSS ADJUSTMENT-PHYSICAL DAMAGE

We will not pay more than the least of: (1) the limit of liability for the covered property; or (2) the amount for which the covered property could reasonably be repaired to its condition just prior to the loss.

We may pay for the loss in money, or replace the damaged property according to the **Repair Clause**

contained in **Section Three**. We will notify you of **our** choice within 30 days after **you** submit Proof of Loss.

### B. DESTRUCTION/REMOVAL ORDERED BY AUTHORITIES

We will pay for the destruction or removal of covered property when it presents an attractive nuisance or is ordered by any civil authority.

## C. APPRAISAL - PHYSICAL DAMAGE

If **you** and **we** fail to agree on the amount of loss, either may demand an appraisal of loss subject to the following conditions:

1. Each party will choose a competent, impartial appraiser within 20 days after receiving written request from the other.

2. The appraisers shall appoint a competent, impartial umpire. If they cannot agree on an umpire within 15 days, **you** or **we** may ask a court judge of the state of **your** residence to appoint an umpire.

3. If the two appraisers cannot agree on the amount of the loss, they will ask the umpire for a decision.

4. The written agreement of any two will determine the amount to be paid.

5. Both **you** and **we** shall each pay any costs of the appraisers each has selected, plus share any expenses or costs of the umpire and court equally.

## D. LOSS PAYEE

If a loss payee is named in this **policy**, any loss payable will be paid to the loss payee and **you**, as interests appear. If more than one loss payee is named, the order of payment will be the same as the order or precedence of the loss payees. **We** cover the interests of the loss payee, unless the loss results from fraudulent acts or omissions on **your** part.

## E. RESERVATION OF RIGHTS

When **we** investigate, compromise, or pay any claim, it shall not be construed to admit liability either by you or **us**.

## F. ABANDONMENT OF PROPERTY

**We** are not liable for any property abandoned by an **insured**.

## G. RIGHT TO SALVAGE

If **we** pay a total loss or **constructive total loss** of **your yacht**, **we** reserve the right to take possession of the remains or its proceeds. **You** agree to transfer title of that property to **us** or to salvage buyer designated by **us**.

---

---

This policy is signed for the company which is the insurer under this policy.

*[signature]*

Bruce A. Backberg
Senior Vice President and
Corporate Secretary

*[signature]*

Joseph Lacher
Chief Executive Officer
Personal Lines

**IN WITNESS WHEREOF, the Company has executed and attested these presents.**

**IN CASE OF AN ACCIDENT**

For Claims,
Immediately call:
800-772-4482

* Call St. Paul Travelers immediately
  1-800-772-4482 toll free, 24 hours a day.
* Only discuss the accident with proper authorities
  or Travelers representatives.

**FRAUD HOTLINE: 800-6-FRAUD-0**

**FOR POLICY SERVICE CALL  (312) 876-8680**

St. Paul Travelers, One Tower Square, Hartford, CT 06183

**IN CASE OF AN ACCIDENT**

For Claims,
Immediately call:
800-772-4482

* Call St. Paul Travelers immediately
  1-800-772-4482 toll free, 24 hours a day.
* Only discuss the accident with proper authorities
  or Travelers representatives.

**FRAUD HOTLINE: 800-6-FRAUD-0**

**FOR POLICY SERVICE CALL  (312) 876-8680**

St. Paul Travelers, One Tower Square, Hartford, CT 06183

# EXHIBIT B



**TRAVELERS**

Donald F. Llewellyn
Technical Specialist
Travelers Marine
504-832-7314 (phone)
877-801-9685 (fax)
Toll Free: 800-842-6440, ext 7314
Email: Donald.f.llewellyn@travelers.com

P O Box 60015
New Orleans, LA  70160

December 10, 2007

**VIA CERTIFIED MAIL**

Hank Bernbaum
330 S. Green Bay Rd
Lake Forest IL 60045

| | |
|---|---|
| CLAIM NUMBER: | L8N8472 |
| POLICYHOLDERS: | Hank Bernbaum |
| DATE OF LOSS: | 7/23/2006 |
| POLICY NUMBER: | 945707517-840-1 |
| POLICY PERIOD: | 01/06/2006 – 01/06/2007 |
| UNDERWRITING ENTITY: | The Standard Fire Insurance Company |

Dear Mr. Bernbaum:

We are writing to inform you that after an extensive investigation of this claim and a careful review of your policy issued by The Standard Fire Insurance Company ("Travelers") we have determined that your policy does not cover the damages being claimed.  The reasons for this determination are set forth more fully below.

You presented a claim on August 2, 2007 for hull damages to your Farr 395 racing sloop which reportedly occurred on July 23, 2006.  Upon being notified of the claim, Travelers engaged Chris Kelly, a certified marine surveyor, to inspect the hull and determine the cause of the loss.   Mr. Kelly inspected the vessel at Hi-Tech Boat Works on August 8, 2007.

Due to the advanced composite construction of the hull and the damages being displayed, we opted to employ the services of a construction expert, Bruce Pfund, to further investigate the cause of loss.  After extensive analysis including hull coupon sampling and laboratory testing, Mr. Pfund concluded that, given the absence of collision or grounding, the hull failure(s) are attributable to loads experienced during racing in reported heavy weather that exceeded the local strength of the vessel's construction.

We refer you to Your Travelers Yacht Policy form 44101 (01-07) which provides in relevant part:

## SECTION THREE: PHYSICAL DAMAGE COVERAGE FOR YOUR YACHT AND EQUIPMENT

### B. PHYSICAL DAMAGE COVERAGES

We cover the following property against accidental direct physical loss or damage except as specifically excluded:

1.   **Your yacht** scheduled in the declarations.

### C. EXCLUSIONS

**We do not cover loss or damage resulting from:**

1.   Wear and tear.

Given the design construction and intended use of a Farr 395 racing sloop and the fact that this vessel was commissioned in January 2001; it is our considered opinion and conclusion that the damages are not attributable to a single fortuitous occurrence but are more indicative of normal wear and tear over the service life of the hull.

Based upon our investigation Travelers has determined that the cause of the hull failure(s) was due to normal wear and tear.  As set forth above, your policy does not cover loss or damage resulting from wear and tear.

Further your policy also provides:

## SECTION TEN: YOUR DUTIES AFTER A LOSS

### A. NOTICE OF LOSS

1.   **You** must give notice of any loss as soon as practicable to either **us** or **our** authorized representative.  If loss is by theft or vandalism, **you** must also notify the Coast Guard or other police authority having jurisdiction.

### H. SUPPORT OF CLAIM

**You** must support any claim by: (1) **ALLOWING US TO INSPECT THE DAMAGED PROPERTY BEFORE IT IS DIPOSED OF OR REPAIRED;**

Because we did not receive notice of the loss for more than a year after the alleged date of loss, your notice to us was untimely.  Further, by not notifying us of the loss at the time it occurred, you prejudiced our right to promptly investigate the loss and may have caused additional damage by continuing to race the yacht.

A check will be issued to you to cover the cost of hull repairs in the areas where coupon samples were obtained. This payment will arrive under separate cover.

There may be other terms, conditions and exclusions in the policy that apply to this claim. Our reference to specific provision(s) of your policy does not, nor is it intended to, waive any of the rights that Travelers may have under the terms of your insurance policy or at law. All rights which Travelers may have under the terms of your insurance policy or at law are specifically reserved. We expressly do not waive our right to deny coverage for any other valid reason.

Our position on this matter is based upon our assessment of the information we gathered during our investigation of this loss. If you have any additional information that you believe we have not considered, or if you believe there is a theory of coverage that we have overlooked, please forward that information to us for consideration.

Furthermore, if you do not agree with this decision, you may contact the Illinois Department of Financial & Professional Regulation Division of Insurance at:
https://www.ins.state.il.us/WebComplaints.nsf/Pc_Webform?OpenForm

Should you have questions, please call me at 504.832.7314.

Sincerely,


Donald F. Llewellyn
Technical Claim Specialist
Travelers Property Casualty Insurance Company of America


cc:    Agent