IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| L. HARRISON BERNBAUM and DR. KEITH SCHRODER,<br><br>         Plaintiffs,<br><br>   v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, a Connecticut Corporation,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)   No.: 1:08cv284<br>)<br>)   Judge Blanche M. Manning<br>)<br>)   Magistrate Judge Nan R. Nolan<br>)<br>) |

**JOINT RULE 26(F) CONFERENCE REPORT**

The parties, through their undersigned counsel, jointly submit this Rule 26(f) Conference Report in accordance with this Court's standing order regarding the preparation of the Initial Status Report.

**Status:** Defendant has answered.

**Nature of the Case:** Both parties agree that either diversity or admiralty jurisdiction exists and that venue is proper in this Court. Plaintiffs seek money damages for defendant's refusal to provide insurance coverage. Plaintiffs have begun repairing the damage suffered by the Sailboat. Current repair costs are estimated at approximately $140,000. Defendant is unable, at this time, to verify Plaintiffs' repair estimate. All parties have been served.

This case presents two major issues:

First, Defendant contends that Plaintiffs' claim is not timely filed under the terms of the policy. Plaintiffs contend that: (i) they did not discover the damage to the Sailboat for some time after the date of loss (July 23, 2006) and proceeded in a timely fashion after discovery of the loss and (ii) Defendant waived the policy's one year suit limitation by accepting the claim for adjustment more than one year after the date of loss. *See State Farm Mut. Auto. Ins. Co. v. Gray*, 211 Ill.App.3d 617, 621, 570 N.E.2d 472, 475-76 (1st Dist. 1991) ("An implied waiver has been found where, after expiration of the notice

period, the insurer requested the insured to engage in a course of conduct inconsistent with the assertion of a policy defense…" and "Once an insurer waives a notice provision, the notice requirement cannot be revived, and the insured's claim will be barred by the regular statute of limitations.").

Defendant contends that Illinois courts have consistently recognized the validity of the one-year contractual limitation in the policy. *See, e.g., Florsheim v. Travelers Indemnity Company of Illinois,* 75 Ill.App.3d 298, 393 N.E.2d 1223 (1st Dist. 1979); *Garcia v. Metropolitan Property and Casualty,* 281 Ill.App.3d 368, 666 N.E.2d 802 (1st Dist. 1996). Moreover, the limitation period runs from the time the physical damage "occurs," not from the time the insured discovers the loss. *Wabash Power Equipment v. International Insurance Company* 184 Ill.App.3d 838, 540 N.E.2d 960 (1st Dist. 1989) and cases cited therein. Defendant also contends that Plaintiffs failed to timely give notice of the loss. The late notice clause provides both a separate and independent defense to coverage (*Downing v. Rockford District Mutual Tornado Insurance Co.*,112 Ill.App.2d. 340, 250 N.E.2d 827 (2d. Dist. 1969)), and defeats any delayed discovery argument as a matter of law. *Wabash Power,* 540 N.E.2d at p. 965. As to waiver, Defendant was not notified of the loss until August, 2007, after the one-year contractual limitation period had already expired. There can be no waiver under such circumstances. See, e.g., *Wilson v. Indiana Insurance Company*, 150 Ill.App.3d 669, 502 N.E.2d 69 (4th Dist. 1986). Additionally, the policy contains a contractual non-waiver provision, and the loss was investigated under a full reservation of rights. These facts negate Plaintiffs' waiver argument as a matter of law. *Berman v. Palatine Insurance Company*, 379 F.2d 371 (7th Cir 1967); *Neidhoefer v. Automobile Insurance Company of Hartford,* 182 F.2d 269 (7th Cir 1950).

The second major issue is whether Defendant materially breached the policy by denying Plaintiffs' insurance claim as normal "wear and tear" of the Sailboat. Plaintiffs contend that the "wear and tear" exclusion is intended to protect the insurer from the inevitable deterioration of the covered property through ordinary use and not from damage from any accidental or fortuitous occurrence. *See Meridian Leasing, Inc. v.*

- 3 –

*Associated Aviation Underwriters*, 409 F.3d 342, 345 (6th Cir. 2005) (damage resulting from hot start of turbojet engine was not wear and tear arising "from 'ordinary' or 'normal' operation of the Aircraft"); *Cyclops Corp. v. Home ins. Co.*, 352 F.Supp. 931, 937 (W.D. Pa. 1973) ("although the 'cause' of the damage is alleged to be an improper fit of wheel and axle, which produced gradual weakening … the machine suffered sudden and accidental damage which … was not depletion, deterioration … nor was it wear and tear"). Plaintiffs contend that no damage should have been suffered by normal operation of the Sailboat during the heavy weather conditions existing on the date of loss. Plaintiffs will prove that the damage was caused by an inadequately designed or manufactured structural component of the Sailboat, which failed. Although the policy excludes coverage for "latent defects," coverage is expressly provided for "any resulting loss or damage" from a latent defect. Plaintiffs contend that the "resulting loss" encompasses the vast majority of their damage claim.

      Defendant contends that, as a threshold matter, the cost of correcting defects in the design or construction of a vessel do not constitute "physical loss and damage" as those terms are used in an all-risk policy of insurance. *Trinity Industries v. Insurance Company of North America,* 916 F.2d. 267 (5th Cir. 1991). Thus, policy exclusions aside, any costs associated with correcting the alleged defects in the design or construction of the yacht are not within the basic grant of policy coverage. Turning to the exclusions, Defendant agrees that the policy excludes the cost of repairing or replacing any item having a "latent defect." The policy defines "latent defect" as a "hidden flaw in the material" of the yacht "not discoverable by ordinary observation or methods of testing." *Board of Education of Maine Township High School District 207 v. International Insurance Company*, 292 Ill.App.3d. 14, 684 N.E.2d 978 (1st Dist.1997). Discovery is required to determine whether the defects alleged by Plaintiffs were indeed latent, i.e., "not discoverable by ordinary methods of testing." But, even assuming the defects *are* latent, the vast majority of Plaintiffs' repair costs are for rebuilding the defectively constructed hull and are, therefore, excluded. If, on the other hand, the defects are not latent, the "inherent vice" exclusion applies instead. *City of Renton v. Lexington Insurance Company*, U.S. Dist.

LEXIS 69959 (W.D. Wash. 2007); *Archer Daniels Midland v. Phoenix Assurance Company et. al.*, 975 F.Supp. 1129, 1136 (S.D. Ill.1997). Simply put, the insurance policy should not be read as extending a warranty of fitness or quality over the work and materials used to construct the yacht.

The parties have agreed that if the Court were to address these issues in sequence, an early decision on the timeliness issue would assist them in resolving this case. Once the timeliness issue has been decided, the parties are more likely to engage in productive settlement discussions on the coverage issues. Thus, the parties suggest that they focus discovery on the timeliness issue early in the case, after which they expect to raise that issue for the Court by motion(s) for summary judgment.

**Draft Scheduling Order:**

**Initial Disclosures:** June 1, 2008.

**Time to Motion to Amend Pleadings/Join Parties:** September 1, 2008.

**Fact Discovery Cutoff:** January 15, 2009.

**Expert Reports Due:** February 1, 2009.

**Rebuttal Expert Reports Due:** March 1, 2009.

**Expert Depositions Completed:** March 31, 2009.

**Time to File Motions:** May 1, 2009.

**Final Pretrial Conference:** June 1, 2009.

**Trial:** After June 10, 2009.

**Extent of Discovery:** Each party may utilize the following discovery without obtaining leave of court: Depositions: 70 hours per party. Interrogatories: 25. The parties may depose certain witnesses exclusively as to the timeliness issue and later depose them regarding all other relevant issues. The parties may each issue more than one Rule 30(b)(6) deposition notice. Nothing contained in these limitations shall be considered a waiver by any party of any objection to any particular discovery request, for any of the reasons allowed by law.

**Electronic Discovery:** Parties shall exchange electronically stored information with available metadata.

- 5 –

**Trial Status:**  Plaintiffs have requested a jury trial.  Plaintiffs estimate 4 to 5 trial days.

**Consent to Proceed Before a Magistrate Judge:**  At this time, the parties do not consent.

**Settlement Status:**  Although the parties have initially discussed settlement, they anticipate that settlement discussions will be most fruitful after the timeliness issue has been resolved.

**Other Matters:**  Pursuant to F.R.Civ.P. 5(b)(2)(D), the parties agree to receive all items required to be served under F.R.Civ.P. 5(a) or to otherwise be exchanged by counsel by either (i) notice of electronic filing through the Court's PACER system, or (ii) e-mail transmission.  Such electronic service shall constitute all required service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.  The three days added to prescribed periods by F.R.Civ.P. 6(e) is also waived for any document served electronically and received on the day of transmission.

**JOINTLY SUBMITTED BY:**

| | |
|---|---|
| DATED this 14th day of May, 2008. | DATED this 14th day of May, 2008. |
| **FREEBORN & PETERS, LLP** | **FORAN GLENNON PALANDECH & PONZI, PC** |
| /s/ Leland W. Hutchinson<br>Leland W. Hutchinson, Jr.<br>Gina M. DiBella<br>FREEBORN & PETERS LLP<br>311 S. Wacker Dr., Suite 3000<br>Chicago, IL 60606<br>312.360.6000<br>lhutchinson@freebornpeters.com<br>gdibella@freebornpeters.com<br>*Attorneys for Plaintiffs* | /s/ Matthew S. Ponzi<br>Matthew S. Ponzi<br>Thomas B. Orlando<br>Foran Glennon Palandech & Ponzi PC<br>150 South Wacker Drive, Suite 1100<br>Chicago, IL 60606<br>312.863.5000<br>mponzi@fgpp.com<br>torlando@fgpp.com<br>*Attorneys for Defendant* |

- 6 –

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 14th day of May, 2008, to:

Leland W. Hutchinson, Jr.
Gina M. DiBella
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, IL 60606
312.360.6000
lhutchinson@freebornpeters.com
gdibella@freebornpeters.com

                                      /s/ Matthew S. Ponzi
                                      Matthew S. Ponzi
                                      Thomas B. Orlando
                                      FORAN GLENNON PALANDECH
                                       & PONZI PC
                                      150 South Wacker Drive, Suite 1100
                                      Chicago, IL 60606
                                      312.863.5000
                                      312.863.5099/fax
                                      mponzi@fgpp.com
                                      torlando@fgpp.com